## Girty v. Girty's Administrator.

Decided April 20, 1917.)

## Appeal from Campbell Circuit Court.

1.  Judgment—Rendition.—After a jury trial, the judgment of the court should be entered in conformity to the verdict.
2.  Judgment—Action on Note by Personal Representative—Recovery.—Where, in an action upon a note brought against him by the administrator of a decedent's estate, the defendant recovered on a counter-claim and set-off a verdict for a given amount to be credited by the amount of the note upon which he was sued by the plaintiff, judgment entered thereon awarding the defendant execution for the amount due him, after crediting the note, to. be levied of assets "remaining in the hands of the plaintiff, administrator, after the payment of all other legal claims against said estate," was error. As the defendant's claim arose out of a contract made by him with the decedent providing for its payment at her death, and there was no showing of any claim or claims against the estate entitled to take precedence thereof, or insufficiency of assets to pay the entire indebtedness of the estate, the judgment should simply have awarded defendant execution for the amount of his judgment, to be levied of assets in the hands of the administrator unadministered.

A. M. CALDWELL and H. W. ROOT for appellant.

JOHN T. HODGE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— eversing in part.

This litigation began with the institution, November 6th, 1915, by the appellee, Thomas M. Lett, as administrator of the estate of Martha J. Girty, deceased, of an action in the Campbell quarterly court against the appellant, Louis Girty, upon a note of $160.00, executed by the latter to the decedent September 20th, 1901, due one year after date, bearing interest from date at the rate of three per cent. per annum, and containing the following credits: $5.00, paid August 22nd, 1902; $5.00, paid November 22nd, 1906.

The appellant filed an answer, counter-claim and set-off containing two paragraphs. It will be unnecessary to refer to the contents of the first paragraph, further than to say, that the matter pleaded therein in avoidance of the recovery sought by appellee on the note was, on demurrer, held by the circuit court insufficient as a de-

fense, of which ruling the appellant does not complain. It was, however, alleged in the second paragraph of the answer, counter-claim and set-off that appellant and the decedent, Martha J. Girty, were, on the 23rd day of May, 1901, the joint owners of a house and five acres of ground in the District of Highlands, Campbell county, worth $3,200.00; that the decedent's interest in the property was a life estate in one-half thereof, the value of which, according to her expectancy of life under the annuity table, did not exceed $250.00; that appellant was the owner in fee of one-half thereof, and, in remainder, of that half in which the decedent owned the life estate, his interest in the entire property being worth not less than $3,000.00. That on the date mentioned, and before the decedent's death, she agreed with appellant that if he would join with her in a deed for the sale and conveyance of the title to the entire property to a third person for the stipulated consideration of $3,250.00, and allow her to take and retain $1,625.00 of the purchase money received therefor, that she, by will or otherwise, would devise, or provide for the payment, to him at her death out of her estate of the sum of $1,625.00, if she left an estate equal to, or greater than that sum; otherwise he was to accept whatever estate she left at her death in full of the $1,625.00 due him; that he agreed to the proposition made by the decedent, and pursuant thereto, May 23rd, 1901, joined with her in a deed for the sale and conveyance of the property at the price of $3,250.00, out of which she received the sum of $1,625.00, which she retained until her death, November 20th, 1914. But that though she left an estate of about $3,000.00, after the payment of debts and funeral expenses, she failed, by will or otherwise, to provide for the payment to appellant of the $1,625.00, as required by the agreement between them. For this amount judgment was asked against the administrator of the decedent, with interest from her death, to be credited by the amount of the note owing by him to the estate of the decedent, upon which he was sued by the administrator.

As the amount sought to be recovered by appellant upon the answer, counter-claim and set-off exceeded the jurisdiction of the Campbell quarterly court the action, following the filing of a reply controverting the averments of the answer, counter-claim and set-off, was, upon appellant's motion and without objection from ap-

pellee, transferred to the Campbell circuit court. The jury trial in the latter court resulted in the following verdict:

"We, the jury, find for the plaintiff (administrator) in the sum of $160.00, with interest at three per cent. from September 20th, 1901, subject to a credit of $5.00 as of August 22nd, 1902, and $5.00, as of November 22nd, 1906; and for the defendant, Louis Girty, the sum of $1,625.00, with interest thereon from the 20th day of December, 1914, the amount claimed by him."

Upon that verdict the trial court entered the following judgment:

"It is adjudged that the defendant, Louis Girty, recover of the plaintiff, Thomas Lett, administrator of Martha Girty, deceased, the sum of sixteen hundred and twenty-five dollars, with interest from December 20th, 1914, subject to a credit as of this date of $160.00, with interest at three per centum per annum from September 20th, 1901, subject to a credit of $5.00 as of August 22nd, 1902, and $5.00 as of November 22nd, 1906; to be levied upon and paid out of such assets of the estate of Martha Girty, deceased, *remaining in the hands of the plaintiff, administrator, after the payment of all other legal claims against said estate,* to all of which the plaintiff excepts."

Objecting to so much of the foregoing judgment as appears in italics and excepting thereto, appellant filed motion and grounds for a new trial, which the court overruled. His dissatisfaction with that ruling, and with the judgment to the extent indicated, led to the prosecution by him of the present appeal.

Civil Code, section 384, provides:

"After jury trial the clerk shall enter judgment in conformity to the verdict, unless it be special as to one or more questions of fact or unless the court reserve the case for consideration."

The judgment entered in this case does not conform to the verdict, and we are at a loss to understand the reason actuating the court for inserting or adding to it the words, "remaining in the hands of plaintiff, administrator, after the payment of all other legal claims against said estate." The record furnishes no authority for this qualification given the judgment. It is silent, it is true, as to the precise value or amount of the estate left by the decedent or of what it consists; but it is

alleged in the appellant's answer, counter-claim and set-off, that the estate is of the value of $3,000.00, after the payment of the decedent's debts and funeral expenses, and while this is denied by the appellee's reply, it is not alleged therein or in any other pleading filed by him, how much less than $3,000.00 is the value of decedent's estate or of what it consists; nor is it anywhere alleged by appellee what the indebtedness of the estate is, that it is insolvent or to what extent, if at all, the indebtedness will exceed the assets; and in the absence of a showing of the amount of the estate's indebtedness, preferred or general, and that its payment had left, or would leave, the administrator without a sufficiency to satisfy appellant's judgment, the court was without authority to postpone its payment in the manner attempted by the qualifying language referred to.

Kentucky Statutes, section 3866, provides:

"No personal representative shall be liable for more than the amount of assets which have or may come to his hands to be administered on account of having failed to plead or make defense, or on account of any plea or answer that he may plead or file, but the judgment of the court shall only render him liable for the amount of assets in his hands unadministered." (See section 2088.)

Section 3686 declares:

"If the personal estate of decedent be not sufficient to pay his liabilities, then the burial expenses of such decedent, and the cost and charges of the administration of his estate, shall be paid in full before any pro rata distribution shall be made; but this preference shall not extend to a demand foreign to this state. All other debts and liabilities shall be of equal dignity and paid ratably in the administration of his estate, and should more than the ratable share of any debt be paid his personal representative shall only receive credit for its proper proportion."

It cannot be claimed that the postponement of the payment of appellant's judgment until all other demands filed as debts against the estate are paid was authorized because of its being a legacy, or his distributive share of the estate as an heir at law of the decedent, for such is not its character. It is a mere claim against the estate, arising out of a contract made by appellant with the decedent before her death, and which,

by reason of her failure to provide for its payment, by will or otherwise, according to the terms of the contract, became at her death a valid, subsisting demand against her estate, payable out of its assets as other unpreferred debts owing by her are to be paid. Therefore, as no preferred debts are shown it is of equal dignity with all other claims that the record before us shows to exist against the decedent's estate; and, for that reason, if there is not a sufficiency of assets in the hands of the administrator to pay it and other debts of like dignity in full, it must be paid ratably with them in the administration of the decedent's estate as required by sections 3866 and 3868, Kentucky Statutes. Its payment cannot, as provided by the judgment of the circuit court, be confined to the assets "remaining in the hands of the plaintiff, administrator, after the payment of all other legal claims against said estate."

For the reasons indicated, so much of the judgment appealed from as is quoted above is reversed, and the cause remanded with direction to the circuit court to strike from the judgment the part referred to, and in lieu thereof add thereto after the words, "Martha Girty, deceased," the following: In the hands of the plaintiff, administrator, unadministered.